# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

JOHN STEVENS,

      Plaintiff,

v.                                                                              No. 17-CV-688-WPJ-SCY

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT, ON SUBJECT MATTER JURISDICTION DEFENSE

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss, or in the Alternative Motion for Partial Summary Judgment, on Subject Matter Jurisdiction Defense. **[Doc. 48, filed December 12, 2018]**. Upon reviewing the parties' briefs and the applicable law, the motion is **DENIED**.

## BACKGROUND

This is a slip-and-fall case arising under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., wherein Plaintiff John Stevens seeks damages arising out of an incident occurring on October 19, 2015, at the United States Post Office located at 110 Montaño Road in Albuquerque, New Mexico.

The Court first notes the procedural history. A bench trial was set for February 4, 2019. [Doc. 40]. Under the Court's scheduling order governing this case, the deadline for pretrial motions was July 12, 2018. No motions were filed by either side. Five months after the expiration of the dispositive motions' deadline, Plaintiff filed the present motion. This was done in order to address a question that any federal court must answer and that any party that does not want the court to

1

exercise jurisdiction must raise in order to meet its duty of candor to the court: whether the Court has jurisdiction under the FTCA.

Due to the fast-approaching trial date, and the late motion, the Court issued an Order to Show Cause, [Doc. 49], which was later vacated. In the Order, the Court noted that it would have expected the Government to raise an administrative exhaustion issue early in the case, before general discovery had taken place and sometime during the year and a half this case had been sitting on the Court's docket. Thus, the Government's motion is long overdue. Also, while the parties had stipulated to federal jurisdiction, [Doc. 11 (Jt. Stat. Rep't) at 2; and [Doc. 47 (Pretrial Order) at 2], the parties' agreement does not confer jurisdiction on the Court.

The Court will take up the jurisdictional issue. Plaintiff filed two administrative claims, also known as SF95 forms, with the United States Postal Service. [Doc. 59-1; Doc. 48-3]. The second administrative claim amended the first administrative claim. The first administrative claim stated: "Mr. Stevens was a visitor at the Post Office when the automatic door closed on him causing him injuries." [Doc. 59-1]. It further stated: "Mr. Stevens suffered trauma from head trauma, fractured clavicle, torn ligaments and bruising." [Id.].

The amended administrative claim stated: "Mr. Stevens was a visitor at the postal facility at 110 Monta[ñ]o Road NE in Albuquerque, New Mexico. While he was exiting the facility, the automatic door closed on him, causing to fall and hit the concrete with his head and left shoulder." [Doc. 48-3]. It further alleged:

> The fall cause a left clavicle fracture, acromioclavicular joint separation, head injury, scalp laceration and scalp contusion. Mr. Stevens suffered headaches, vertigo and left shoulder pain. His arm was immobilized in a sling. He treated the injuries with physical therapy and pain medication. He developed scapular winging, meaning his shoulder bone struck out of his back in an abnormal position. The last examination on June 30, 2016 indicated rotator cuff injury. His left shoulder pain still reached 8/10 with activity.

[Id.]. It finally claimed damage of $7.5 million dollars. [Id.].

Plaintiff then received a letter from the federal government stating that the administrative claims were denied, and consequently, Plaintiff filed the present lawsuit alleging:

- On or about October 19, 2015, Plaintiff was a visitor at the postal facility located at 110 Montaño Road NE, in Albuquerque, New Mexico.

- Plaintiff was exiting the facility, through the automatic handicap door, when it abruptly and forcefully closed on him, causing him to fall and hit the concrete with his head and left shoulder.

- Plaintiff suffered a clavicle fracture, acromioclavicular joint separation, head injury, scalp laceration and scalp contusion.

- Defendant had a duty and failed to exercise ordinary care to keep the premises safe for use for visitors and invitees including the Plaintiff.

- Defendant had a duty and failed to make a reasonable inspection of the premises that would have revealed the dangerous condition, to wit, the faulty automatic handicap door.

- Defendant had a duty and failed to warn the Plaintiff of a known dangerous condition (the faulty handicap door) and prior problems with the door.

- As a direct and proximate result of Defendant's wrongful conduct and negligence, Plaintiff fell, sustained fractures, and continues to have pain, disfigurement of his shoulder, loss of strength and diminished range of motion and function of his left arm and shoulder.

- As a further direct and proximate result of Defendant's wrongful conduct, Plaintiff suffered injuries and damages including, but not limited to, physical injuries, past

incurred and future medical expenses, loss of life's enjoyment, emotional distress, and emotional and physical pain and suffering, all to Plaintiff's great loss in an amount to be proven at trial.

## STANDARD

"The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans*, 425 U.S. 807, 813 (1976). "This unequivocal waiver of immunity must be construed narrowly and the 'limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied.'" *Miller v. United States*, 463 F.3d 1122, 1123 (10th Cir. 2006) (quoting *In re Franklin Savings Corp.*, 385 F.3d 1279, 1289–90 (10th Cir.2004)).

"The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil v. United States*, 508 U.S. 106, 113 (1993). This exhaustion requirement is "jurisdictional and cannot be waived." *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir.1991). "In other words, the FTCA bars would-be tort plaintiffs from bringing suit against the government unless the claimant has previously submitted a claim for damages to the offending agency, because Congress wants agencies to have an opportunity to settle disputes before defending against litigation in court." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (citation and internal quotation marks omitted).

The Tenth Circuit holds that the jurisdictional statute can be satisfied by a claimant "filing (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 852 (10th Cir. 2005) (quoting *Bradley,* 951 F.2d at 270). "That is, the term

4

'claim' [. . .] [encompasses] two requirements: (1) a written statement describing the injury in sufficient detail to allow the agency to begin an investigation into the possibility of potentially tortious conduct, and (2) a request for a sum certain in damages." *Lopez*, 823 F.3d at 976. "'[N]o statement of legal theories is required' by Form SF95, 'only facts plus a demand for money.'" *Id.* (quoting *Murrey v. United States,* 73 F.3d 1448, 1452 (7th Cir.1996)). "Thus, the 'claim' asserted 'encompasses any cause of action fairly implicit in the facts.'" *Id.* The Tenth Circuit applies a pragmatic test to determine whether an administrative claim's language provides proper notice under the FTCA. *Staggs v. United States ex rel. Dept. of Health and Human Services*, 425 F.3d 881, 884 (10th Cir. 2005). It asks "whether the claim's language serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

The Court finds that subject matter jurisdiction is not present in this case because Plaintiff failed to exhaust his administrative remedies. Plaintiff alleges a failure to warn claim and a negligent maintenance or inspection claim in his complaint, however, his administrative claim does not contain any facts and circumstances that would indicate such a claim that would have given the United States sufficient notice to conduct its own investigation. *See Trentadue*, 397 F.3d at 853 (holding that while a claim need not elaborate all possible causes of action or theories of liability, it must nonetheless alert the agency of the facts that reasonably give rise to them).

Plaintiff merely states that "Mr. Stevens was a visitor at the postal facility at 110 Monta[ñ]o Road NE in Albuquerque, New Mexico. While he was exiting the facility, the automatic door closed on him, causing to fall and hit the concrete with his head and left shoulder[,]" then states the injuries sustained, and the amount of money demanded. [Doc. 48-3]. Although, he clearly

5

meets the second requirement because of the alleged amount of money, Plaintiff fails to describe the facts and circumstances.

Plaintiff did not state or imply that the United States Postal Service was negligent, much less negligent in failing to warn him of the alleged dangerous condition or that the United States Postal Service failed to maintain or inspect the door. *See Benally v. United States*, 735 Fed.Appx. 480, 485-86 (10th Cir. 2018) (holding that "administrative notices simply failed to provide the facts and circumstances underpinning [the plaintiff's] subsequent federal-court claims.").

In *Benally*, the Tenth Circuit rejected the plaintiff's argument that her allegations of negligent post-operative care were fairly implicit in the administrative claim's disclosure of negligent surgical care. 735 Fed.Appx. at 486. There, the plaintiff filed two administrative claims, the second claim amending the first claim. *Id.* at 483. The plaintiff went on to allege in her federal complaint "a markedly—and far broader—picture of her injuries and the source of them." *Id.* Comparing the administrative claims to the complaint, the Tenth Circuit stated that "[the plaintiff's] position relies exclusively on her initial notice's reference to a 'surgery and then injury months later' [. . .] all while ignoring the context—i.e., the facts and circumstances—surrounding that assertion." *Id.* at 486. The Tenth Circuit held that the plaintiff failed to exhaust her administrative remedies because the plaintiff did not identify enough facts and circumstances that gave rise to additional claims in the complaint that were never mentioned in the administrative claims. *Id.* at 488.

Here, comparing the administrative claims to the complaint, Plaintiff alleges "a markedly—and far broader—picture". Unlike in *Benally*, where the plaintiff managed to state a negligent surgical care claim but failed to state additional claims, Plaintiff here did not state or imply a single claim that the United States Postal Service was negligent, much less that it was

6

negligent in failing to warn him of the alleged dangerous condition or that the United States Postal Service failed to maintain or inspect the door. The mere fact that Plaintiff suffered injuries due to a door closing on him is insufficient to meet the standard necessary to give the federal government notice to conduct its own investigation of the alleged claim. *See Barnes v. United States*, 707 Fed.Appx. 512, 516 (10th Cir. 2017) (holding that failure to exhaust remedies occurred when the "administrative claim lacks even a cursory mention" of the alleged claim). Therefore, Plaintiff has failed to exhaust his administrative remedies, and the Court lacks subject matter jurisdiction. *See Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

## CONDUCT OF COUNSEL

Finally, the Court notes its displeasure with the handling of this case by counsel for both parties but particularly with counsel for the United States. Counsel for both parties appear to have this misguided notion that parties can stipulate to subject matter jurisdiction in federal court even though there are significant jurisdictional questions. That is not the law and lack of subject matter jurisdiction can be raised by any party at any time; it can be raised *sua sponte* by the Court or even raised on appeal. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (holding that a court's lack of subject matter jurisdiction cannot be waived by the parties, nor can it be conferred upon the district court by agreement of the parties).

Since this is a FTCA case, as noted above, exhaustion of administrative remedies is jurisdictional. The jurisdictional allegations in the Complaint [Doc. 1] are rather sparse, and in the Answer [Doc. 5], Counsel for the Government never raised lack of subject matter jurisdiction as a

7

defense or even worse, never filed a motion to dismiss for lack of subject matter jurisdiction. In fact, in the Pre-Trial Order [Doc. 47], Counsel for both parties indicated that subject matter jurisdiction was uncontested. To the credit of Plaintiff's counsel, she raised the issue through this very motion attempting to preempt the defense of subject matter jurisdiction, and consequently, brought the specific issue of subject matter jurisdiction front and center for the Court to rule on notwithstanding representations by counsel for the Government in the email attachments that they would raise the issue of subject matter jurisdiction.

The Court cannot help but wonder that if Plaintiff's Counsel had not raised subject matter jurisdiction in the instant motion, was the Government going to raise the issue at trial after all those concerned had prepared for trial and witnesses had been subpoenaed and testified? Or better yet, was the Government going to wait and possibly raise subject matter jurisdiction at the appellate level? Either of these scenarios amounts to nothing more than a huge waste of time and resources for all involved in this case.

The Government is hereby put on notice that this Court will not tolerate sloppy, slipshod efforts on the part of assistant United States Attorneys appearing in this federal court, and if this type of situation occurs again, sanctions may very well be assessed.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss, or in the Alternative Motion for Partial Summary Judgment, on Subject Matter Jurisdiction Defense, **[Doc. 48]**, is **DENIED**.

**IT IS FURTHER ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE